## Turner's Petition

*Andrew S. Romito,* for petitioner.
*Howard H. Whitehead,* for respondent.

McWHERTER, J., January 9, 1947.—This matter comes before the court on the petition of J. Calvin Turner, Treasurer of Westmoreland County, asking for a declaratory judgment on the question of whether he, as such treasurer, should or should not have advertised in the Westmoreland Law Journal, the only legal publication in the County of Westmoreland, the list of lands which he proposed to expose for sale on August 5, 1946, for arrearages in taxes. Plaintiff, as such treasurer, in accordance with the law, advertised the proposed sale on said date in the Mt. Pleasant Journal and the Westmoreland Observer, two newspapers of general circulation in the County of Westmoreland.

There was no request made to a court or a judge thereof that publication in the Westmoreland Law Journal be waived although the law provides for such waiver.

The pertinent act of assembly reads as follows:

"Whenever, under the provisions of this act, advertisement, notice or publication is required to be published in one newspaper, such publication shall be made in a newspaper of general circulation, as defined by the Newspaper Advertising Act of May sixteenth, one thousand nine hundred and twenty-nine (Pamphlet Laws, one thousand seven hundred eighty-four), printed in the county, unless the matter in connection with which the advertising is being done affects only a municipal district, in which case such advertisement shall be published in a newspaper printed in such municipal district, if there is such a newspaper, and if not, then in a newspaper circulating generally in such municipal district. If such notice is required to be published in more than one newspaper, it shall be published in at least one newspaper of general circulation, defined as aforesaid, printed, if there be such a newspaper, or circulating generally as above provided in the county. When such notice relates to any proceeding or matter in

any court, or the holding of an election for the increase of indebtedness, or the issue and sale of bonds to be paid by taxation, such notice shall also, in counties of the second, third, fourth and fifth classes, be published in the legal newspaper, if any, designated by the rules of court of the proper county for the publication of legal notices and advertisements, unless such publication be dispensed with by special order of court: Provided, however, That ordinances, auditors' statements, summaries of auditors' statements, advertisements inviting proposals for public contracts and for bids for materials and supplies, or lists of delinquent taxpayers, shall be published only in newspapers of general circulation, defined as aforesaid." Act of June 9, 1931, P. L. 401, sec. 2, adding section 9 to the Act of May 2, 1929, P. L. 1278, art. I.

No order of court has been made waiving or dispensing with the same.

The Act of May 3, 1909, P. L. 424, was amended by the Act of July 28, 1941, P. L. 521, section 1 of which act reads as follows:

"Section 1. Be it enacted, &c., That hereafter in all counties of the first, second, third, fourth, fifth and sixth class of the Commonwealth, every notice or advertisement required by law or rules of court to be published in one or more newspapers of general circulation, unless dispensed with by special order of court, shall also be published in the legal newspaper, issued at least weekly, in said county, designated by rules of court for the publication of court or other legal notices, if such newspaper exists. Publication in such legal newspaper shall be made as often as required to be made in such newspapers in general circulation, and shall be subject to the same stipulations and regulations as those imposed for the like services upon all newspapers: Provided, That nothing herein contained shall be construed to require the publication in such legal newspapers of municipal ordinances, mercantile

appraisers' notice, advertising for bids for contracts for public work, or *lists of delinquent taxpayers*." (Italics supplied.)

The attorney for the controller, defendant herein, takes the position that the advertisement in the legal journal would not invalidate a tax sale. He strenuously insists however that if the court requires advertisement in the legal journal in addition to the advertisement in two county newspapers, already caused to be made by the treasurer, readvertisement in county newspapers would be necessary. With the controller's position the court does not agree.

The obvious purpose of the advertisement of sales of land upon tax liens is to inform the public—not only prospective bidders but particularly the record owners of the land involved.

Advertisement was made in the Westmoreland Observer, with an approximate circulation of 2,000, and in the Mt. Pleasant Journal, the circulation of which is not known to the court, but the population of the town is 5,224. There are 16 newspapers in the county. The county has a population of over 300,000. Newspapers are published in all of the principal towns of the county. A daily newspaper is published in the City of New Kensington which also includes in its coverage and circulation, the City of Arnold, the two being adjacent to one another and practically the same community. They together have a population of over 35,000. The City of Monessen has a daily paper and a weekly paper with a population of 22,257. The Borough of Latrobe has a population of 11,111 and has a daily paper. The City of Greensburg, the Borough of Southwest Greensburg, and the Borough of South Greensburg, all one compact community having a combined population of over 32,000, are served by two daily newspapers with an estimated circulation of over 13,000 daily. These population figures are taken from

the 1940 census, but each of the municipalities referred to are industrial cities and towns and have increased during the last six years in population.

Publication in the Mt. Pleasant Journal, which serves a small town, and in the Westmoreland Observer, which has a small circulation, informed but a minute proportion of the county as a whole of the proposed tax sale on August 5, 1946. The court therefore issued a preliminary injunction restraining the treasurer from proceeding with the tax sale scheduled for August 5, 1946, unless and until the same had been published in the Westmoreland Law Journal. The preliminary injunction being contested by the controller, the treasurer, and properly so, has adjourned said tax sale from time to time since that date. It is necessary not only that the court take jurisdiction of the application here presented for a declaratory judgment but proceed promptly thereon, as a final adjudication of the declaratory judgment would appear to be necessary in order to permit the court to pass on the question of whether the preliminary injunction should be dissolved or made permanent.

Again referring to the lack of information furnished the public by the publication of the tax sale in the Mt. Pleasant Journal and in the Westmoreland Observer, we believe that publication in the law journal, which reaches every practicing lawyer in the county, is absolutely essential. Such publication furnishes the members of the bar with an opportunity to inform their clients, whose properties may be listed for sale on tax liens, of the impending sale. The failure to publish in the law journal in a county of this size means that most of the owners of the record titles to the lands involved in the proposed tax sale would be uninformed and their lands sold at treasurer's sales without their knowledge and without information as to their right to redeem the same. With this conclusion is coupled

the conclusion which the court has arrived at that if publication in the Westmoreland Law Journal is caused to be made it is and will be unnecessary to republish the adjourned tax sale in the Mt. Pleasant Journal and in the Westmoreland Observer, or for that matter, in any other publication of general circulation in the county.

The formal requirements of the act as to publication in county papers have been complied with. No decision has been called to our attention nor do we find that any would require republication in two county papers under a situation such as is here presented.

We now come to the question raised by the controller that the publication of lists of *delinquent taxpayers* is not required by the act and that therefore the treasurer need not publish the list of lands exposed for sale on tax liens in the law journal. No act requires the County of Westmoreland to publish a list of delinquent taxpayers. A list of delinquent taxpayers means a list of the names of persons who have failed to pay their occupation tax. With this we are not concerned. We are here concerned with the sale of real estate on tax liens and the title to real estate involved, not the collection of unpaid occupation taxes. The court coincides with the treasurer's position in this regard.

The court will therefore enter an order in conformity with the foregoing opinion.

### Decree

Now, January 9, 1947, it is ordered, adjudged and decreed that the county treasurer is under the duty according to law of publishing in the Westmoreland Law Journal the list of lands to be exposed at a treasurer's sale on tax liens before the actual sale thereof, that such advertisement in said Westmoreland Law Journal is and shall be legal, and that notice be given under the law in said Westmoreland Law Journal of the date of the actual sale of lands upon tax liens ad-

journed from August 5, 1946, and that no readvertisement in any county newspaper of such sale is necessary or required under the law. An exception is noted and a bill is sealed for defendants.